**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

SECURITY BUILDING MIAMI, LLC,
INDIVIDUALLY AND AS ASSIGNEE OF          **CASE NO.**
SECURITY BUILDING AR OWNER, LLC

      Plaintiff,

v.

SOMPO AMERICA INSURANCE COMPANY, a
foreign corporation,

      Defendant.

_____/

## COMPLAINT

COMES NOW, Security Building Miami, LLC, individually and as assignee of Security Building AR Owner, LLC ("Plaintiff"), by and through the undersigned counsel, and hereby brings this action against Sompo America Insurance Company ("Defendant"), and respectfully alleges the following:

### PARTIES AND JURISDICTION

1.  This is an action for breach of an insurance contract and for damages that exceed Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and fees.

2.  Plaintiff is a Delaware limited liability corporation whose principal place of business is in Fort Lauderdale, Florida.

3.  Plaintiff owns the commercial property located at 117 NE 1st Avenue, Miami, FL 33132 (the "Property").

4.  Upon information and belief, Defendant is a foreign corporation with its office located at 777 Third Avenue 24th Floor, New York, NY 10017-1307.

5.  Defendant regularly conducts business in Miami-Dade County, Florida.

6.      This Court has diversity jurisdiction pursuant to 28 U.S.C. 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens/parties of different states.   For diversity jurisdiction, citizenship is the state of incorporation and the state of its principal business.  This matter is between citizens of Florida on the one hand and citizens of New York (Defendant) on the other.

7.      This Court has personal jurisdiction over the Defendant because it entered into a contract with the Plaintiff in Florida, the Plaintiff is an additional insured pursuant to the contract and the action arises out of the Defendant's breach of contract caused by their acts and/or omissions within Florida affecting Florida residents, including the Plaintiff.

8.      Venue is proper pursuant to 28 U.S.C. 1391 because the contract was entered into in Florida and a substantial part of the events giving rise to the claims in this action occurred with in Florida and or affect Florida residents.

## FACTUAL ALLEGATIONS

9.      Plaintiff owns the commercial property located at 117 NE 1st Avenue, Miami, FL 33132 (the "Property").

10.      The property is a historic seventeen (17) story building in downtown Miami.

11.      Defendant agreed to insure the Property under Sompo America Insurance Company Policy Number FTMS1037L0 (the "Policy").  A true and correct copy of the Policy as provided to Plaintiff is attached hereto and incorporated herein as **Exhibit "A."**

12.      The Named Insureds under the Policy are 117 NE 1st Avenue Tenant, LLC, WeWork Inc. and WeWork Companies, LLC (the "Named Insureds"). See Exhibit "A" and the Accord Evidence of Commercial Property Insurance attached hereto and incorporated herein as Exhibit "B."

13.     The Named Insureds were the former tenants in the Property. They relinquished possession of the Property on or about August 3, 2021.

14.     Security Building Miami, LLC held a mortgage upon the Property.  On the date of loss Security Building Miami, LLC was insured under the Policy as an additional insured, mortgagee. See the Accord Evidence of Commercial Property Insurance attached hereto and incorporated herein as **Exhibit "B."**

15.     Security Building AR Owner, LLC is the former owner of the Property. On the date of loss, Security Building AR Owner, LLC was also insured under the Policy as an Additional Named Insured. See the Accord Evidence of Commercial Property Insurance attached hereto and incorporated herein as Exhibit "B."

16.     At all times material hereto, in consideration of a premium paid by the insured, the Policy was in full force and effect.

17.     Security Building Miami, LLC took title to the Property via a Deed in Lieu (of foreclosure) from Security Building AR, LLC dated June 11, 2021. The deed was recorded in Book 32580, Page 3051 of the Public Records of Miami Dade County, Florida. See a copy of the deed attached hereto and incorporated herein as **Exhibit "C."**

18.     On June 11, 2021, Security Building AR Owner, LLC assigned to Security Building Miami, LLC all of its rights, title and interests in its lease with 117 NE 1st Avenue Tenant, LLC. See the Assignment and Assumption of Lease attached hereto and incorporated herein as **Exhibit "D."**

19.     On or about May 15, 2021, the Property, including but not limited to the structure and the business personal property and the tenant improvements and betterments suffered a direct, physical loss, resulting in severe damage, caused by a covered peril or perils. The loss and the

damage also caused Plaintiff to suffer a loss of business income.

20.     On or about August 2, 2021, Plaintiff submitted a claim seeking coverage under the Policy for the damage sustained by the Loss.

21.     Defendant assigned claim number 10463830 to the Loss (the "Claim").

22.     Defendant failed to promptly and adequately investigate the Claim.

23.     At all material times related to this claim the property was occupied and not vacant.

24.     After the loss, Plaintiff paid money and expended time and effort to mitigate the damage and to stabilize and protect the Property, as required by the terms of the Policy.

25.     Though more than 22 months have passed since the claim was filed, in breach of its obligations under the Policy, Defendant has failed to make a coverage determination and has refused to provide coverage or payment to Plaintiff for the damages stemming from the Loss.

26.     On April 14, 2023, the Defendant informed Plaintiff of its initial findings but still failed to make a coverage determination and made a full reservation of rights, preserving all coverage defenses under the contract.

27.     Plaintiff has complied with all post loss obligations, including but not limited to timely reporting of the loss, access to the property for investigation and inspection and provision of voluminous documents related to the claim.

28.     Despite Plaintiff timely reporting the loss the Defendant has repeatedly delayed the investigation, failed to promptly inspect the property and, to date, has failed to make a coverage determination.

29.     Plaintiff initially filed suit within 12 months of the loss as required under the policy and executed a tolling agreement with Defendant.

30.     Plaintiff has been obligated to retain the undersigned attorneys for the prosecution of this action and related efforts to enforce the Policy and is entitled to reasonable attorney's fees pursuant to Florida Statutes §§ 626.9373 and/or 627.428 and/or 627.70152.

31.     Plaintiff has filed a Notice of Intent to Litigate in compliance with Florida Statute 627.70152.

32.     All conditions precedent to the filing of this lawsuit have occurred, have been waived, or have otherwise been satisfied.

## COUNT I - BREACH OF CONTRACT

33.     Plaintiff restates and realleges the allegations set forth in paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34.     The Policy is a valid written contract between Plaintiff and Defendant, and pursuant to said contract the Defendant agreed to insure the Property and to include Plaintiff under the coverage provided by the Policy.

35.     Plaintiff performed its obligations under the Policy.

36.     Under the Policy, the Defendant is obligated to pay the Claim for damages, which damages were covered by the Policy.

37.     Defendant has refused to pay the amounts due under the Policy.

38.     Defendant breached the Policy contract by failing to fulfill its obligations to Plaintiff under the Policy and denying Plaintiff the benefits of the Policy.

39.     Plaintiff has satisfied all post-loss obligations under the Policy.

40.     As a direct and proximate result of Defendant's breach of the Policy, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully demands judgment for damages against Defendant

for breaching the Policy contract and for any additional relief as permitted by law and as this Honorable Court deems appropriate, including interest, costs, attorney's fees pursuant to Florida Statutes §§ 626.9373 and/or 627.428 and/or 627.70152, and all equitable remedies or other relief that may be appropriate.

**DEMAND FOR JURY TRIAL**

41.     Plaintiff, pursuant to the Federal Rules of Civil Procedure, hereby demands trial by jury on all issues so triable.

**DESIGNATION OF ATTORNEY E-MAIL ADDRESS PURSUANT TO RULE 2.516**

Florida Professional Law Group, PLLC hereby designates the following email addresses for the purpose of service of all documents required to be served via email in this proceeding:

Primary email address:        eservice@theprolawgroup.com
Secondary email address:    lpisano@theprolawgroup.com


Dated: June 28, 2023.

Respectfully submitted,

*/s/ Linda E. Pisano Esq.*
Florida Professional Law Group, PLLC
Linda E. Pisano, Esq.
Florida Bar No. 98620
E-mail: lpisano@theprolawgroup.com

*/s/ Abbie B. Cuellar, Esq.*
Florida Professional Law Group, PLLC
Abbie B. Cuellar, Esq.
Florida Bar No. 1
E-mail: acuellar@theprolawgroup.com

Florida Professional Law Group, PLLC
4600 Sheridan St., Suite 303
Hollywood, FL 33021
Tel.  (954) 284-0900

Fax.  (954) 284-0747
E-mail: eservice@flplg.com
*Attorneys for Plaintiff, Security Building Miami, LLC*