IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1-23-cv-22407-WILLIAMS/REID

SECURITY BUILDING MIAMI, LLC,
INDIVIDUALLY AND AS ASSIGNEE OF
SECURITY BUILDING AR
OWNER, LLC,

       Plaintiff,

v.

SOMPO AMERICA INSURANCE
COMPANY, a foreign corporation,

       Defendants.
_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT, SOMPO AMERICA INSURANCE
COMPANY'S, MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

       This matter is before the Court on Defendant Sompo America Insurance Company's ("Sompo") Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 6]. The Honorable Kathleen M. Williams referred the motion to me for a report and recommendation pursuant to 28 U.S.C. § 636. [ECF No. 7]. Plaintiff Security Building Miami, LLC ("SBM"), individually and as assignee of Security Building AR Owner, LLC, responded in opposition to the motion to dismiss, (ECF No. 10), and Sompo replied (ECF No. 11). For the reasons discussed below, it is **RECOMMENDED** that Defendant Sompo's Motion to Dismiss the Complaint be **DENIED**. [ECF No. 6].

1

## I.     Background

This case involves an insurance coverage dispute. The following facts are undisputed unless otherwise noted. Plaintiff SBM owns a commercial property in downtown Miami at 117 NE 1st Avenue. [ECF No. 1 at ¶ 9]. SBM had previously held a mortgage on the property, but took title to the property in June 2021 via a deed in lieu of foreclosure from Security Building AR Owner ("SBAR"). [ECF No. 1-3].

In 2015, before conveying title to Plaintiff SBM, SBAR had leased the property to a subsidiary of WeWork, Inc., named "117 NE 1st Ave Tenant LLC." (collectively "WeWork") [*Id.* at ¶ 12–13, ECF No. 1-4]. Then, in 2020, Defendant Sompo issued a commercial property insurance policy to WeWork with effective dates of November 1, 2020 to November 1, 2021. [*Id.* at ¶ 12, ECF No. 1-1]. The policy listed SBAR as an additional named insured. [ECF No. 1-2 at 1]. Plaintiff SBM alleges in the complaint that on or about May 15, 2021, the property suffered a loss "caused by a covered peril or perils," including damages to the structure, business personal property, and tenant improvements. [ECF No. 1 ¶19]. Additionally, the complaint states the loss and damage caused plaintiff "to suffer a loss of business income." [*Id.*]

On June 11, 2021, the same day SBAR conveyed the property to Plaintiff SBM through deed in lieu of foreclosure, SBM assumed the lease executed by WeWork, acquiring all rights, title, and interests in the lease. [ECF No. 1-3, 1-4]. Shortly after, "[o]n August 2, 2021, [SBM] submitted a claim [to Sompo], seeking coverage under the Policy for damages sustained [on or about May 15, 2021]". [ECF No. 1 ¶ 20]. SBM alleges that, to date, Sompo has failed to make a coverage determination despite SBM's compliance with all post-loss obligations. [*Id.* at 4]. And, "[Sompo] breached the [p]olicy contract by failing to fulfill its obligations to [SBM] under the [p]olicy and denying [SBM] the benefits of the [p]olicy." [*Id.* at 5]. As a "direct and proximate

2

result of [this] breach, the complaint states, "[SBM] has suffered and continues to suffer damages." [*Id.*] SBM further alleges that it initially "filed suit within 12 months of the loss as required under the policy and executed a tolling agreement with Defendant". [ECF No. 1 at ¶ 29].

On June 28, 2023, after the tolling agreement expired, SBM filed the instant complaint, asserting a single count for breach of contract. [ECF Nos. 1, 6 at 8 ¶ 24]. Sompo now moves to dismiss the complaint with prejudice, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted. [ECF No. 6].

## Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The issue to be decided is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Gallegos v. Great S. Life Ins. Co.*, No. 11-21199-CIV, 2011 WL 13319590, *1 (S.D. Fla. July 6, 2011), *report and recommendation adopted*, No. 11-21199-CIV, 2011 WL 13319586 (S.D. Fla. July 27, 2011).

"In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally 'limited to the four corners of the complaint.'" *Guerin v. Health Ins. All., LLC*, No. 22-61574-CIV, 2023

WL 2935559 (S.D. Fla. Jan. 3, 2023) (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009)). The court is ordinarily barred from considering facts not alleged in the complaint or documents attached to a motion to dismiss. *Roberts v. Carnival Corp.*, 824 F. App'x 825, 826 (11th Cir. 2020) (citing *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005)). Under the doctrine of incorporation by reference, however, "[courts] may . . . consider documents attached to the motion to dismiss *if they are referred to in the complaint*, central to the plaintiff's claim, and of undisputed authenticity." *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) (emphasis added).

### III. Analysis

**A. Documents Attached to Sompo's Motion to Dismiss the Complaint**

Sompo attached several exhibits to its Motion to Dismiss, alleging these are authentic copies of: (1) the lease agreement between SBAR and WeWork (ECF No. 6-1); (2) a complaint filed in state court in June 2021 by SBM against WeWork (ECF No. 6-2); (3) SBM's August 2, 2021 Notice of Loss to Sompo (ECF No. 6-3); (4) the May 2022 complaint filed by SBM against Sompo before executing the tolling agreement (ECF No. 6-6); and (5) SBM's responses to Sompo's first set of interrogatories in the May 2022 action (ECF No. 6-7). Sompo argues the Court may consider these documents because they are central to SBM's claim and their authenticity is not challenged. [*Id.* at 11]. A review of these documents and the insurance policy, Sompo argues, unambiguously reveal that the underlying claim is not covered under the policy.

**1. Sompo's argument that the loss is not covered because the property was vacant before the alleged damage occurred.**

Sompo argues the complaint should be dismissed because SBM previously admitted the property was vacant and the policy unambiguously excludes coverage for losses occurring while the property is unoccupied. The policy, which SBM attached to the complaint, provides:

4

> Conditions suspending or restricting insurance. Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring:
>
> . . . .
>
> (b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days . . .

[ECF No. 1-1 at 12].

As evidence that the property was vacant, Sompo first points to one of the documents attached to its motion to dismiss, the Notice of Loss SBM sent to Sompo on August 2, 2021:

> [WeWork], the primary insured under the Policy, failed to fulfill its obligations under the lease and has left the property. **The Property is secured and is currently vacant**.
>
> Claim
>
> A) Real property- The interior of the building has suffered numerous damages. **The damages were caused in the process of [WeWork] leaving the Property**. It appears that the damages include related water and mold damages.

[ECF No. 6-3 at 2–3] (emphasis added). Sompo argues the Notice of Loss was incorporated by reference based on the allegations in SBM's complaint. [ECF No. 6 at 5 ¶ 13].

Sompo adds that in June 2021, SBM filed a complaint against WeWork in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, for unpaid rent and theft of personal property. [ECF No. 6 ¶ 9; ECF No. 6-2]. SBM purportedly alleged in that action:

> **[I]n or about April 2020**, pursuant to WeWork's instruction, and command, and acting under WeWork's complete dominion and control, **Tenant vacated and abandoned the Premises**. The Premises have sat empty and generated no revenue for SBAR or Landlord since that time.

[ECF No 6-2 at 14 ¶ 33] (emphasis added).

SBM responds that even though the Notice of Loss is an authentic document, it raises factual issues regarding the interpretation of terms such as "vacant" and "unoccupied." [ECF No. 10 at 5]. SBM claims that, ever since the Notice of Loss was executed, "damages have evolved and facts

5

have been uncovered requiring discovery . . . ." [*Id.*] Further, the allegations in the WeWork complaint were never sworn to and were never addressed by the Eleventh Judicial Circuit because the parties reached a settlement agreement. [*Id.*]. SBM notes that liability was never determined in the WeWork litigation. [*Id.*]. In sum, SBM argues that the WeWork complaint and other documents attached to Sompo's motion fall outside the four corners of the complaint and should not be considered when ruling on Sompo's motion to dismiss. [*Id.*]

In reply, Sompo argues that the claims in this case arise from the same events as those alleged in the WeWork litigation. [ECF No. 11 at 2]. SBM simply sued WeWork first, and is now suing WeWork's insurance company, Sompo. [*Id.*]. Read together, the documents confirm that the property was vacant or unoccupied for a period of over a year from April 2020 to the alleged date of loss on May 15, 2021, and the policy exclusion applies to bar coverage. [*Id.* at 3]. Sompo claims the documents attached to the motion to dismiss are central to SBM's claims, and SBM does not dispute their authenticity.

As a threshold matter, the Court must determine whether it should consider the documents attached to Sompo's motion to dismiss. First, the Court turns to SBM's complaint against WeWork. (ECF No. 6-2). Although SBM admits it is an authentic document, SBM insists that it falls outside the four corners of the complaint. SBM is right. The complaint makes no mention of the WeWork litigation or the complaint filed in the Eleventh Judicial Circuit. Thus, contrary to Sompo's assertions, the document is not incorporated by reference as Sompo contends. *See Pinchasov v. Robinhood Fin., LLC*, No. 20-24897-CIV, 2021 WL 4991144, *3 (S.D. Fla. Apr. 22, 2021) (refusing to consider customer agreement where complaint contained no reference to a contract). In the absence of any allegations in the complaint about the WeWork complaint, the Court declines to consider its language at this motion to dismiss stage. *See also Neurosurgical*

6

*Consultants of S. Fla., LLC v. Cigna Health & Life Ins. Co.*, No. 20-81908-CIV, 2021 WL 1238386 (S.D. Fla. Mar. 3, 2021) (refusing to consider health insurance plan attached to motion to dismiss because complaint contained no allegations about specific plan applicable to plaintiff's claims).

Second, the complaint in this action makes no express mention of the Notice of Loss submitted to Sompo on August 2, 2021. Instead, the complaint simply states that "[o]n or about August 2, 2021, Plaintiff *submitted a claim* seeking coverage under the Policy for the damage sustained by the Loss." [ECF No. 1 at 4 ¶ 20] (emphasis added). SBM does not dispute the authenticity of the Notice but argues the document raises factual issues that should not be considered at this stage. Again, the Court agrees. Not only is the Notice of Loss not specifically referred to in the complaint, but SBM's allegations that it "submitted a claim" could involve more facts than those referred to in the Notice of Loss.

But even if the Court were to consider the Notice of Loss, its contents, read together with the policy, do not unambiguously reveal that the underlying claim is not covered. The Notice of Loss states that the "property is secured and is currently vacant," but that language does not unambiguously reveal that the property was "vacant or unoccupied beyond a period of sixty consecutive days" as defined by the policy. *See Goldberg v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 143 F. Supp. 3d 1283, 1291 (S.D. Fla. 2015) "(When considering insurance coverage disputes, [c]ourts routinely dismiss complaints for failure to state a claim when a review of the insurance policy and the underlying claim for which coverage is sought unambiguously reveals that the underlying claim is not covered.").

To survive dismissal for a breach of contract claim, a plaintiff must allege "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." *Zarrella v. Pacific Life Ins. Co.*, 755 F. Supp. 2d 1231, 1241 (S.D. Fla. 2011). SBM has alleged the existence

of a contract—the commercial property insurance policy with effective dates of November 1, 2020 to November 1, 2021. SBM also alleged that Sompo breached that contract by failing to make a coverage determination and denying SBM the policy benefits. Lastly, the complaint provides that SBM has suffered damages as a result of this breach. Taking these allegations as true, SBM has stated a cause of action for breach of contract. The Notice of Loss and the complaint filed against WeWork are not evidently incorporated by reference and determining whether their contents contradict the allegations in the complaint is premature.

> **2. Sompo's argument that SBM's interest was extinguished when it took ownership of the property or when it settled the claims against WeWork.**

Sompo claims that when a loss occurs before the mortgage debt is satisfied, the mortgagee must elect between seeking insurance proceeds up to the amount of indebtedness or "foreclose and/or accept deed to the property." [ECF No. 6 at 12]. SBM accepted the deed to the property, and is therefore owed nothing. Sompo also claims that SBM reached a settlement with WeWork for the same property damage and allowing it to recover insurance proceeds would result in a windfall. [ECF No. 6 at 12].

SBM responds that the deed in lieu did not extinguish SBM's claim for property damages because the deed contained a non-merger clause. [ECF No. 10 at 6]. SBM adds that SBAR executed an assignment and assumption of lease conveying all rights and claims that SBAR held at the time to SBM. [*Id.* at 6–7]. Similarly, the policy states that "the interest of the Lender or Mortgagee . . . in property insured under this Policy will not be invalidated by . . . (2) foreclosure . . . (3) change in the title or ownership of the property. [ECF No. 1-1 at 92]. SBM argues that Sompo confuses the status of a mortgagee after a foreclosure with a mortgagee who retains the property via a negotiated deed in lieu and assignment of lease. [ECF No. 10 at 7]. Sompo does not respond to SBM's arguments in its reply. *See* [ECF No. 11].

Indeed, a review of the insurance policy and underlying claim do not unambiguously reveal that SBM has no rights under the insurance policy. For now, SBM has alleged sufficient facts to state a claim for relief. SBM alleged SBAR assigned its interest to SBM and attached the assumption of lease/assignment to its complaint. [ECF No. 1-4]. In the response to the motion to dismiss, SBM asserts that the deed in lieu of foreclosure contained a non-merger clause, and the policy expressly states that the lender or mortgagee's interest will not be invalidated by a change in the title or ownership of the property. Sompo's reply does not address these assertions.

The cases cited by Sompo provide little guidance. Sompo relies on two cases from the Florida Third District Court of Appeal, *Pick v. Gilbert*, 605 So. 2d 182 (Fla. 3d DCA 1992), and *Lenart v. Ocwen Financial Corp.*, 869 So. 2d 588 (Fla. 3d DCA 2004). [ECF No. 6 at 12]. *Pick*, however, involved a loss that occurred during the course of a mortgage foreclosure. *See Pick*, 605 So. 2d at 182. And *Lenart* involved a loss that occurred before ownership was transferred (as it did here), but the mortgagee took title by successfully bidding on the property at a foreclosure sale. *Lenart*, 869 So. 2d at 591. Neither decision involved a deed in lieu of foreclosure. Nor do the cases appear to involve a non-merger clause or a policy clause protecting the rights of the mortgagee. Sompo's motion to dismiss does not explain why these cases are binding or comparable to the complaint's undisputed allegations.

In any case, SBM is entitled to reasonable inferences from the facts set forth in the complaint. *Levi Holding, LLC v. Scottsdale Ins. Co.*, No. 218CV361FTM29MRM, 2020 WL 2039721, *3 (M.D. Fla. Apr. 28, 2020). The complaint contains allegations that SBAR was an additional named insured under the policy, that SBAR conveyed the property and assigned the lease to SBM, and consequently, SBM was vested with all rights, including an insurable interest in the property. Other courts have rejected similar arguments at the motion to dismiss stage. Judge

Mary S. Scriven in the Middle District of Florida disagreed that the assignee had no standing to pursue the claim, writing that "[p]ost-loss assignments are recognized in Florida as valid, and anti-assignment clauses that cover pre-loss assignments can be waived. If the assignment is valid, Plaintiff has standing . . .." *RL Prince, LLC v. Lexington Ins. Co.*, Case No. 8:20-CV-02170, ECF No. 21 (M.D. Fla. March 22, 2021). Judge Scriven denied the insurer's motion to dismiss, finding "the complaint adequately sets forth the cause of action Plaintiff seeks to pursue," and the "[t]he facts surrounding these issues must be resolved after discovery and perhaps on a motion for summary judgment."

Here too, SBM has alleged sufficient facts setting forth a cause of action for breach of contract. The issues raised by Sompo should be resolved perhaps on a motion for summary judgment. Finally, the Court declines to consider arguments concerning the WeWork litigation and the purported settlement as it would require the Court to consider extraneous materials that have not been incorporated by reference.

**3. Sompo's argument that, at minimum, the business interruption claim should be dismissed.**

Finally, Sompo argues the Court should dismiss SBM's claim that "the loss and damage also caused SBM to suffer a loss of business income." [ECF No. 1 ¶ 19]. Sompo points to the policy (ECF No. 1-1) and one of the exhibits it attached to its motion to dismiss, the lease agreement executed by SBAR and WeWork (ECF No. 6-1). According to Sompo, only WeWork, the "Insured," can recover rental insurance proceeds under the policy. [ECF No. 6 at 13]. The policy's section on "**RENTAL INSURANCE**" provides:

> Measurement of Loss:
>
> The recoverable RENTAL INSURANCE loss is the Actual Loss Sustained by **the Insured** of the following during the PERIOD OF LIABILITY:

10

> 1) the fair rental value of any portion of the property occupied by the Insured;
>
> 2) the income reasonably expected from rentals of unoccupied or unrented portions of such property; and
>
> 3) the rental income from the rented portions of such property according to bona fide leases, contracts or agreements in force at the time of loss
>
> all not to include noncontinuing charges and expenses.
>
> RENTAL INSURANCE Exclusions: As respects RENTAL INSURANCE, TIME ELEMENT EXCLUSIONS A does not apply and the following applies instead:
>
> This Policy does not insure any loss of rental income during any period in which the insured property would not have been tenantable for any reason other than an insured loss.

[ECF No. 1-1 at 72] (emphasis added). Likewise, the policy provides:

> **4. TIME ELEMENT EXCLUSIONS**
>
> In addition to the exclusions elsewhere in this Policy, the following exclusions apply to TIME ELEMENT loss:
>
> This Policy does not insure:
> . . . .
> B. Any increase in loss due to:
>
> 1) **suspension, cancellation or lapse of any lease**, contract, license or orders.

[*Id.* at 75] (emphasis added).

In addition to the policy, Sompo argues that the lease agreement executed by WeWork and SBAR required WeWork to maintain business interruption insurance. But the lease agreement specifically stated that any proceeds obtained from the business interruption insurance were solely for the benefit of the tenant:

> The business interruption insurance required by this Section 8.3 shall be in an amount equal to the annual Fixed Rent and Additional Fixed Rent then in effect, plus any Additional Rent due and payable for the immediately preceding twelve (12) month period and such proceeds under Tenant's business interruption insurance as required by Tenant **shall be solely for the benefit of Tenant**.

11

[ECF No. 6-1 at 33] (emphasis added). Because of this, Sompo says, SBM cannot recover any proceeds related to lost rents.

SBM responds that Sompo mischaracterizes the damages sought and is "again seeking interpretation of the policy which is reliant upon facts which should be developed in discovery." [ECF No. 10 at 8]. SBM clarifies that the allegation in its complaint simply means that "due to the *physical* damages to the property, the Plaintiff has incurred loss of rental income." [*Id.*] (emphasis added). This, SBM argues, is distinct from a claim related to WeWork failing to pay rent under a lease agreement. [*Id.*]. And although WeWork is the primary insured party under the policy, SBM is the secondary insured party whose coverage is independent of acts by the primary insured.

In reply, Sompo argues there is no distinction between "loss of rental income" and "lost rents" but in any case, SBM's business interruption claim is not covered by the policy. [ECF No. 11 at 3]. Sompo maintains that under the policy and lease agreement, only WeWork could benefit from proceeds obtained from the business interruption insurance. [*Id.* at 3–4].

Here too, SBM has sufficiently alleged a claim for relief that is plausible on its face. The policy language Sompo points to does not unambiguously show SBM is precluded from pursuing a business interruption claim. Language that "the recoverable RENTAL INSURANCE loss is the actual loss sustained by the *Insured*" does not expressly exclude the mortgagee or the additional named insured as Sompo contends. And although the policy states that it does not insure loss of rental income not attributable to an insured loss, first, the allegations in the complaint do not refer to "loss of rental income" but to "loss of business income," and second, SBM has alleged and continues to argue that such loss was caused by a covered peril.  SBM's allegation that it is has a right under the policy to recover business income is neither speculative nor clearly contradicted by the policy. This is enough to survive a motion to dismiss. Afterall, "[t]he standard on a 12(b)(6)

motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations." *McKinney v. Balboa Ins. Co.*, No. 8:13-CV-1118-T-24, 2013 WL 4495185 (M.D. Fla. Aug. 19, 2013) (citing *Jackam v. Hosp. Corp. of Am. Mideast*, 800 F.2d 1577 (11th Cir. 1986)).

Finally, the Court acknowledges that the lease agreement is specifically referred to in the Assignment and Assumption of Lease attached to Plaintiff's complaint (ECF No. 1-4). Thus, the agreement is arguably incorporated by reference and the Court may consider its language when ruling on the motion to dismiss. But even if the agreement is incorporated, the parties' differing interpretations of the insurance policy demonstrates that the issue is not ripe for decision at this motion to dismiss stage. *See Tarantino v. Riddell*, No. 17-CV-60567, 2018 WL 2011551, *5 (S.D. Fla. Apr. 30, 2018) ("Interpretation of ambiguous contracts at the motion to dismiss stage is generally inappropriate since it requires a court to examine facts and 'make determinations based on what one party believes the language of the contract to say.'" (quoting *Whitney Nat. Bank v. SDC Communities, Inc.*, No. 809CV01788EAKTBM, 2010 WL 1270266, *5 (M.D. Fla. Apr. 1, 2010))).

For these reasons, the Court **RECOMMENDS** that Sompo's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) be **DENIED**. [ECF No. 6]

### IV.   Objections

Objections to this Report may be filed with the district judge within **FOURTEEN** (14) days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and

legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 2nd day of February, 2024.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

**cc:** **All Counsel of Record**